UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRROI LAMONT,<br><br>   Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>   Respondent. | No. 2:14-cv-0783 WBS GGH P<br><br><br>ORDER |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

  Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

  It appears from petitioner's address that he may not be in custody.

Section 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

  Federal jurisdiction over a habeas petition arising from a state court judgment is limited to persons "in custody" pursuant to that judgment. See § 28 U.S.C. § 2254(a). However, "physical custody alone is insufficient to confer jurisdiction." Bailey v. Hill, 599 F.3d 976, 984 (9th Cir.

2010). The court may entertain a habeas petition only on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Parole is considered to be "in custody." Jones v. Cunningham, 371 U.S. 236, 240-243, 83 S. Ct. 373 (1963).

This court has no jurisdiction to act on the petition unless petitioner is truly in custody; however, if petitioner is currently on parole, it is possible that he is still in custody. Therefore, petitioner will be given the opportunity to amend his petition, and may proceed with this action only if he is in custody.

Petitioner has failed to identify any facts in support of the ground for relief in his petition. See Rule 2(c), Rules Governing § 2254 Cases. Instead, the relevant portion of the petition reads, in total:

> A. Ground One: Petitioner's 2nd Amendment is violated by felony conviction.
>
> Supporting FACTS (state briefly without citing cases or law): Petitioner was charged with a felony conviction in conflict with the California Supreme Court case People v. Corpuz 38 Cal.4th 994.
>
> A. Ground Two: Petitioner's 14th Amendment is violated.
>
> Supporting FACTS (state briefly without citing cases or law): Equal protection was not afforded petitioner as required by law. See above.
>
> A. Ground Three: Conviction obtained by use of evidence obtained pursuant to unlawful arrest.
>
> Supporting FACTS (state briefly without citing cases or law): Arresting officer committed perjury.

See Doc. No. 1 at 4-5.

Other than a very superficial allegation in Ground Three, petitioner does not describe who violated his constitutional rights and in what manner. He does not provide any background as to what happened at the trial level, such as the who, when, where, and why of these claims. Petitioner does not provide the court with any supplemental materials which may have assisted the court in determining what occurred at petitioner's trial. While the court is cognizant of the low threshold for petitioner at this stage of the proceedings, absent these most basic facts, the

2

court is currently unable to determine whether petitioner alleges a cognizable claim.  See, e.g., Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (deficient petition should be dismissed with leave to amend "unless it appears that no tenable claim for relief can be pleaded were such relief granted.")

The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases; rather, Rules 2(c), 4, and 5(b) of the Rules Governing Habeas Corpus Cases in the United States District Courts require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim.  Mayle v. Felix, 545 U.S. 644, 655 (2005).  This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition.  Id.  Conclusionary allegations that are not supported by a statement of specific facts do not warrant habeas relief.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995).

The amended petition shall describe the claims in detail as requested above.  Petitioner shall additionally provide the court with copies of any briefs by his attorney and state court opinions, to the extent they are available to him.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

/////
/////
/////
/////

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: May 27, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Lamo0783.114